**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SUSAN MICHAELSON | : |
| Plaintiff, | : Case No. 1:12-cv-149 |
| | : Chief Judge Dlott |
| v. | : |
| | : Magistrate Judge Litkovitz |
| THE UNITED STATES | : |
| Defendant. | : |

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This is a Confidentiality Agreement and Protective Order, effective on the date in which it is signed, by and between Plaintiff Susan Michaelson and Defendant the United States of America, together with their respective agents, successors, personal representatives, and assigns.

WHEREAS the undersigned parties to *Susan Michaelson v. United States*, Case No. 1:12-CV-149, pending in the United States District Court for the Southern District of Ohio ("this Action"), desire to enter into an agreement to protect material entitled to be kept confidential pursuant to Fed. R. Civ. P. 26(c) and to facilitate the prompt resolution of disputes over confidentiality;

WHEREAS, the parties anticipate that discovery in this matter will entail the production of documents from medical records, personnel files protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and other non-public information that may be entitled to protection under Rule 26(c);

WHEREAS, the parties believe there is good cause to support the entry of a confidentiality agreement in this matter;

NOW, THEREFORE, the parties have executed this Confidentiality Agreement and agree that discovery, pre-trial, and (to the extent approved by the Court) trial and post-trial proceedings in this Action, whether the information or documents are from parties or nonparties, shall be governed by the following terms:

1. Any of the parties may, in good faith, designate documents (including email and electronic data) in this Action as "Confidential - Subject to Protective Order." Documents so designated shall be used only for the purpose of this Action. Such information shall not be shared, distributed, published, disclosed, disseminated, or used for any business purpose, or in any other litigation or other proceeding, or for any other purpose, except by Court Order or otherwise authorized by law. As is reasonably necessary for these purposes, copies, excerpts, or summaries of these materials may be made, shown, or given to those persons authorized pursuant to Paragraph Three (3) of this Agreement.

2. Documents and other tangible things may be designated by a party as "Confidential - Subject to Protective Order" by a stamped legend, by counsel's statement in writing ,or by counsel's statement on the record if the information is elicited in oral form.

3. Material that is "Confidential - Subject to Protective Order" shall be maintained in confidence by the receiving party and shall not be given, shown, made available, or communicated in any way to anyone other than the following persons: (a) parties and their attorneys of record in this Action and staff and employees assisting in the conduct of this matter; (b) experts or consultants retained in good faith for the purposes of this Action, including both consulting and testifying experts; (c) the Court and court personnel, in the manner described in

Paragraph (5) of this Agreement; (d) court reporters who record testimony taken in the course of this Action; and (e) any mediators utilized in this Action.

4. Any document not designated as "Confidential – Subject to Protective Order" at the time it was originally disclosed may be so designated at a later time by informing the opposing party in writing. The document shall then become "Confidential – Subject to Protective Order" and shall be treated as such from that date forward.

5. If a party receiving documents that it believes are improperly designated "Confidential – Subject to Protective Order," then the parties shall make a good faith effort to resolve the dispute informally. In the event the dispute is not resolved, the parties may seek the Court's assistance by submitting the documents to the Court for an in camera inspection by the Court, after which the Court shall determine whether the documents are properly designated "Confidential – Subject to Protective Order."

6. The parties may use material subject to the Protective Order as an exhibit or attachment to any motion, as a deposition exhibit, or as a trial exhibit and may show such material to a witness in this Action for these purposes. Any document to be filed with the Court that contains material designated "Confidential - Subject to Protective Order" shall be filed under seal in accordance with the procedure set forth in Local Rules 26.2 and 79.3. No documents shall be filed under seal without prior leave of the Court.

7. Motions, briefs, memoranda, or other papers may paraphrase or summarize material that is "Confidential - Subject to the Protective Order" without being filed under seal, so long as such paraphrasing is done in such a manner as to maintain the confidential nature of the material.

8. Any party wishing to obtain testimony about or use information that has been designated as "Confidential – Subject to Protective Order" in open court shall first submit to an *in camera* inspection by the Court, after which the Court shall determine if, when, and how such material may be used, so as to best maintain its confidentiality.

9. Upon final termination of this Action, including all appeals, the parties shall, if requested to do so by the other party, assemble and return all material designated "Confidential - Subject to Protective Order," thereof, to the producing party within thirty (30) days of the request, or, if directed to do so by the producing party, shall destroy that material. If directed to destroy the confidential material, the receiving party shall send written confirmation of destruction to the producing party.

Having read and understood the foregoing Confidentiality Agreement and Protective Order, the undersigned hereby agree to be bound by its terms.

Respectfully submitted,

_____
Adam L. Wright
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Phone: (513) 684-3711
Fax: (513) 684-6972
E-mail: adam.wright@usdoj.gov

*Attorney for Defendant*
*United States of America*

_____
Kenneth J. Heisele
Weprin Folkerth & Routh LLC
109 North Main Street
500 Performance Place
Dayton, Ohio 45402
Phone: (937) 260-4200
Fax: (937) 260-4201
E-mail: kheisele@wfrlawyers.com

*Attorney for Plaintiff Susan Michaelson*


IT IS SO ORDERED THIS 24th DAY OF August, 2012.

_____
United States District Judge